**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON ALFREDO AGELVIS-CUBEROS,<br><br>                              Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden at Imperial Regional Detention Center, et al,<br><br>                              Respondents. | Case No.:  26-cv-710-BJC-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Aaron Alfredo Agelvis-Cuberos, a citizen of Venezuela, entered the United States on September 30, 2022, and was released on parole, as reflected in DHS records. ECF No. 1 ¶ 1.  Petitioner has filed an Application for Asylum and for Withholding of Removal (Form I-589), which remain pending.  *Id.* ¶ 2. On October 15, 2025, Petitioner was taken into ICE custody, and he remains detained at the Imperial Regional Detention Center.  *Id.* ¶ 11.  On December 8, 2025, an Immigration Judge denied Petitioner's request for bond, concluding that the court lacked jurisdiction pursuant to *Matter of Yajure-Hurtado*, 29 I&N Dec.216 (BIA 2025).

On February 4, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  The Court set a briefing schedule on February 5, 2026.

25-cv-0710-BJC-DDL

ECF No. 2.  On February 14, 2026, Respondents filed a return and Petitioner filed a traverse the same day.  ECF Nos. 4, 5.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends his detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment.  ECF No. 1 at 9-10. Respondents do not address Petitioner's arguments.  Instead, Respondents contend Petitioner is subject to detention under 8 U.S.C. § 1225, but they acknowledge courts in this district have reached the opposition conclusion.

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2).  Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole.  *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025).  Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained.  The Court finds Petitioner's revocation of his release and detention violates the INA and due process rights.

//

//

//

//

25-cv-0710-BJC-DDL

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  February 26, 2026

Honorable Benjamin J. Cheeks
United States District Judge

3

25-cv-0710-BJC-DDL